UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ANTHONY SCOTT**, | Case No. 1:10 CV 518 |
| Petitioner, | Judge Jack Zouhary |
| v. | REPORT AND RECOMMENDATION |
| **BENNIE KELLY**, Warden, | |
| Respondent. | Magistrate Judge James R. Knepp II |

### Introduction

*Pro se* Petitioner Anthony Scott, a prisoner in state custody, filed a Petition for federal habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent, Warden Bennie Kelly, has moved to dismiss the Petition as untimely (Doc. 7) and filed various exhibits to support the motion (Doc. 7-1).[1]

The district court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons stated below, the undersigned recommends the Petition be dismissed as untimely.

### Background

Following arrest for various theft and arson-related offenses occurring during the first part of 2007, Petitioner entered into a series of plea negotiations. The negotiations culminated in Petitioner's guilty pleas on October 22, 2007 and March 12, 2008 in the Mahoning County, Ohio

---

[1] Respondent's motion to dismiss indicates it was served by regular mail at Petitioner's prison address. Petitioner has not responded to this motion and he has had over three months to do so.

Court of Common Pleas. (*See* Ex. 3-7, Doc. 7-1, at 6-26). Petitioner was sentenced to thirteen years imprisonment following his first set of guilty pleas, and to 180 days with 180 days credited for time served on a reduced misdemeanor theft charge following his March 2008 guilty plea. The result was a net sentence of thirteen years. (*See* Ex. 7-8, Doc. 7-1, at 20-28). At the first sentencing hearing, Petitioner unsuccessfully moved to withdraw his guilty pleas. The denial of this motion to withdraw was the sole ground for his later appeal. Petitioner's convictions were affirmed on appeal. *State v. Scott*, 2008 WL 4416516 (Ohio App. 7 Dist.). Petitioner failed to timely appeal the appellate court's decision to the Ohio Supreme Court. On February 11, 2009, Petitioner filed a notice of appeal and motion for leave to file a delayed appeal in that court. (Ex. 13-14, Doc. 7-1, at 77-93). On March 25, 2009, the Ohio Supreme Court denied leave to file the untimely appeal. *State v. Scott*, 121 Ohio St. 3d 1423 (2009) (table).

Nearly one year later, on February 26, 2010, Petitioner prepared the pending Petition. (Doc. 1). He raises four grounds, arguing essentially for an order to force the state trial court to vacate his guilty pleas.

## The Petition is Time-barred

Although Petitioner's application was not physically filed until March 11, 2010, under the extension of the "prison mailbox rule" from *Houston v. Lack*, 487 U.S. 266, 270 (1988), to habeas corpus petitions, February 26, 2010 is deemed the filing date. *See Miller v. Collins*, 305 F.3d 491, 497-498 & n.8 (6th Cir. 2002). Respondent does not dispute this date.

Respondent contends the present Petition, with its February 26, 2010 filing date, is untimely. Respondent contends the statute of limitations expired on December 24, 2009. Respondent relies on the "1-year period of limitation" in 28 U.S.C. § 2244(d) to argue the pending Petition is time-

barred. That statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The state appellate court affirmed Petitioner's convictions on September 26, 2008. *Scott*, 2008 WL 4416516. Petitioner's conviction became "final" 45 days later on November 10, 2008 – "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A); Ohio S. Ct. Prac. R. II, § 2(A)(1)(a) (notice of appeal to Ohio Supreme Court must be filed within 45 days of the entry of judgment); *see also Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005) (one-year period begins to run on expiration of the 45-day period under which review could have been sought by Ohio Supreme Court). This "1-year period" began November 11, 2008, and ran for 92 days –

3

through February 10, 2009,[2] at which time it was tolled.

Respondent acknowledges, citing *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001), that the statute of limitations was tolled from February 11, 2009 until March 25, 2009, while the Ohio Supreme Court considered Petitioner's motion for delayed appeal. Pursuant to 28 U.S.C. § 2244(d)(2), motions for delayed appeal to the Ohio Supreme Court, as matters of post-conviction or collateral review, toll the statute while they are pending. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (citing *Searcy*, 246 F.3d at 519); *see also Lawrence v. Florida*, 549 U.S. 327, 329 (2007) (statute is tolled under § 2244(d)(2) while state post-conviction or collateral review proceedings are "pending"); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) ("[A]n application is pending as long as the ordinary state collateral review process is in continuance – *i.e.*, until the completion of that process." (internal quotations omitted)). Respondent then contends the statute ran the remaining 273 days of the statute ran from March 26, 2009 to December 24, 2009, when it expired.

Respondent's analysis of the timing is correct and the Petition is therefore untimely unless Petitioner can demonstrate some reason for equitably tolling the statute.

## No Grounds For Equitable Tolling

Petitioner has not specifically argued for equitable tolling, but he does argue his ignorance of the law, and that he was not guilty of all the charges. On the model form petition currently in use, petitioners are asked to explain a reason for untimeliness. However, Petitioner completed an old model form petition from 1985, over a decade before § 2244(d)'s reforms as part of the Anti-

---

[2] Federal Civil Rule 6(a) applies to federal time computation, so "the day of the act, event, or default from which the designated period of time begins to run shall not be included." *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).

Terrorism and Effective Death Penalty Act of 1996. Because Petitioner is *pro se,* the Petition will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction," and "[t]he appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief" (internal quotations omitted)).

"[T]he doctrine of equitable tolling allows a federal court to toll a statute of limitations when 'a litigant's failure to meet a legally-motivated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

In determining whether to allow equitable tolling, the Court must consider certain factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001) (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)). However, "this list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003); *see also Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner bears the burden of establishing entitlement to equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (holding that petitioner must show "he is pursuing his rights diligently" and "some extraordinary circumstance stood in his way"); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (explaining a habeas petitioner "bears the burden of demonstrating that he is

5

entitled to equitable tolling" and "[t]he doctrine is used sparingly by federal courts").

Petitioner has not shown entitlement to equitable tolling in this case. An inmate's lack of legal training, poor education, and even illiteracy do not provide reason to toll the statute of limitations or excuse late filing. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The Sixth Circuit has "repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen*, 366 F.3d at 403 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Moreover, although Petitioner may have lacked actual knowledge of the timely filing requirement, he had constructive knowledge through § 2244(d) itself. *Id.* at 402-03. His circumstances do not show diligent pursuit of his rights or any extraordinary situation to excuse delay.

Second, although a credible claim of actual innocence will equitably toll the § 2244(d) limitations period, *see Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005), Petitioner's claim he is not guilty is not such a claim. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24 (1998); *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner presents nothing more than a naked post-plea denial of guilt. Therefore, there are no reasons presented to permit equitable tolling to excuse Petitioner's untimely filing.

**Conclusion and Recommendation**

Following review of Respondent's Motion to Dismiss (Doc. 7), giving Petitioner every benefit of liberal construction, and reviewing the record for all feasible arguments that would contradict Respondent's contention, the Court finds the Petition untimely and equitable tolling not

warranted. Further, there has been no demonstrated need for an evidentiary hearing. The undersigned therefore recommends the motion to dismiss be granted and the case dismissed for untimeliness of the Petition.

s/James R. Knepp II<br>
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).