IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Anthony Scott, | Case No. 1:10 CV 518 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Bennie Kelly, | |
| Respondent. | |

Before the Court is Petitioner Anthony Scott's Motion for an Extension of Time to File Objections to the Report and Recommendation ("R&R") (Doc. No. 11). Scott filed a Petition for Writ of Habeas Corpus in March 2010 (Doc. No. 1). Respondent Bennie Kelly, Warden of the Trumbull Correctional Institution, moved to dismiss the Petition as untimely (Doc. No. 7). Pursuant to Local Rule 72.2, the case was referred to Magistrate Knepp who recommended the Petition be dismissed for untimeliness (Doc. No. 8). When Scott failed to file any objections to the R&R within the statutory allotted fourteen days, this Court adopted the Magistrate's recommendation and dismissed the Petition on December 10, 2010 (Doc. Nos. 9-10). For the reasons that follow, Scott's Motion for an Extension of Time is granted. However, after reviewing Scott's proposed objection attached to the Motion, this Court affirms its decision dismissing Scott's Petition as untimely.

### MOTION FOR EXTENSION OF TIME

Scott argues that he was unable to timely file objections to the R&R because the R&R was mailed to Trumbull Correctional Institution, his former place of incarceration, instead of the Toledo Correctional Institution where he is now housed. This Court has confirmed Scott's claim. An

attachment to Scott's Motion also supports his claim. The attachment, an Ohio Department of Corrections report, shows that Scott was transferred from Trumbull to the Toledo Correctional Institution in October 2010 (Doc. No. 11-1 at 6). While normally a failure to file objections within the specified fourteen-day time limit waives the right to object to the R&R, this procedural rule is intended to promote, not defeat, the ends of justice. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Refusing to consider Scott's objection because of a mismatch between the Court's address book and an inmate's current address would not promote the ends of justice. Accordingly, this Court grants the extension.

### SCOTT'S OBJECTION

Scott attached his proposed objection to his Motion for an Extension of Time (Doc. No. 11-1). His primary argument is that the Magistrate erred by not granting his request for equitable tolling while he was in protective custody -- a more restrictive, segregated portion of the prison population. Scott claims that while he was in protective custody, he was unable to access all the necessary materials to file his Petition and thus was unable to file his habeas petition in the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. In short, Scott is asking for extra time under the equitable tolling doctrine in order to make his March 2010 habeas filing timely when his un-tolled deadline was December 2009.

The Sixth Circuit, along with several other circuits, has consistently ruled that an inmate who is placed in administrative segregation without access to legal materials is not entitled to equitable tolling. *See Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001), an opinion authored by now-Supreme Court Justice

Sotomayor). Furthermore, simply being ignorant of the law does not excuse prompt filing. *Price*, 79 F. App'x at 112.

Here, prison records reflect Scott was placed in segregation for approximately one month, March 2009, of his one-year period (Doc. No. 11-1 at 6). While he may not have had access to all of the materials he would have liked, this is not a sufficient basis for granting Scott equitable tolling. Scott still had access to writing materials, was able to send and receive mail, and he could have just as easily mailed a handwritten habeas petition with his various claims. A review of Scott's untimely handwritten petition on the standard habeas form does not provide any insight as to why he would have been unable to file several months earlier in order to meet the one-year deadline.

The objection is not well taken and this Court declines to grant Scott equitable tolling. Consistent with this Court's December 2010 Memorandum Opinion, the Petition is dismissed as untimely filed. Furthermore, this Court certifies that an appeal could not be taken in good faith pursuant to 28 U.S.C. §§ 1915(a)(3) and 2253(c).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 14, 2011